UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ASHLEY RICHARDSON,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | CIVIL ACTION NO.<br>1:25-CV-05395-JPB |

**ORDER**

This matter comes before the Court on the Magistrate Judge's Final Report and Recommendation [Doc. 12]. This Court finds as follows:

**BACKGROUND**

Ashley Richardson ("Plaintiff"), proceeding *pro se*, initiated this action on August 13, 2025, in the Superior Court of Gwinnett County, Georgia. [Doc. 1-1]. Her Complaint alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. Id. Equifax Information Services, LLC ("Defendant") removed the case to this Court on September 22, 2025. [Doc. 1]. After removal, Plaintiff filed a Motion to Remand to State Court [Doc. 3], and Defendant filed a Motion to Dismiss [Doc. 4]. On June 30, 2026, United States Magistrate Judge Christopher C. Bly issued a Final Report & Recommendation ("R&R") recommending that

both motions be denied and that the case be transferred to the United States District Court for the Eastern District of New York. [Doc. 12]. Plaintiff filed objections to the R&R, and Defendant filed a reply. [Doc. 14]; [Doc. 15]. The R&R is now ripe for review.

**ANALYSIS**

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard. Notably, a party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). Placing this burden on the objecting party "facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Nettles v. Wainwright, 677 F.2d 404, 409–10 (5th Cir. Unit B 1982)).

At the outset, Plaintiff does not object to the Magistrate Judge's recommendation that her Motion to Remand be denied. Thus, the Court reviews that portion of the R&R for clear error. Finding none, the Court will adopt the recommendation that this motion be denied.

Plaintiffs two objections are to the R&R's recommendation regarding Defendant's motion to dismiss. [Doc. 14]. As to this motion, the R&R recommends transfer of Plaintiff's case to the Eastern District of New York under the "first-to-file rule." [Doc. 12, pp. 8–11]. A pending class action suit involving claims similar to Plaintiff's is pending in that district, and that action was filed before Plaintiff filed the instant case. Id. The R&R recommends transfer because, in the "absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case" and because Plaintiff has not shown that she opted out of the class action. Id. at 9–10 (quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982)).

Plaintiff argues that her case does not substantially overlap with the class action. [Doc. 14, pp. 2–3]. She says that the New York class action is limited to two subclasses—one for residents of New York and one confined to hard inquiry disputes with Capital One Bank. Id. at 2. Plaintiff says she has never been a New York resident and that only one of the eight incidents underlying her claims

involves Capital One. Id. at 2–3. In essence, she says, the R&R erred by concluding that she remains a presumptive class member in the New York action. Id. at 3.

The Court need not consider this objection because Plaintiff never presented these arguments to the Magistrate Judge in response to the first-to-file argument raised in the Motion to Dismiss. Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[W]e . . . hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Additionally, even if the Court were to consider this objection, it appears that the New York action does, in fact, involve a nationwide class that would encompass Plaintiff. See [Doc. 101, pp. 19–20], Hines v. Equifax Info. Servs. LLC, No. 19-CV-06701 (E.D.N.Y.) (proposing a nationwide class for persons who submitted hard inquiry disputes between 2016 and 2026). For these reasons, this objection is **OVERRULED**.

Plaintiff's second objection is related to the first. She says that the R&R erred by not considering "the relative means of the parties" in recommending whether transfer is appropriate. [Doc. 14, p. 4]. She points out that she is proceeding *pro se* and *in forma pauperis*, lives in Georgia and does not have means

to travel to or retain counsel in New York. Id. Defendant does not address this argument in its reply.[1] [Doc. 15].

The first-to-file rule does not automatically require a case to be heard in the forum with the first filing. Rather, the party objecting to jurisdiction in the first-filed forum has the burden of proving "compelling circumstances" to warrant an exception to the first-to-file rule. Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005). The Eleventh Circuit Court of Appeals "has recognized the convenience of the parties . . . as relevant in deciding whether an exception to the first-filed rule exists." Collegiate Licensing Co. v. Am. Cas. Co. of Reading, 713 F.3d 71, 79–80 (11th Cir. 2013).

The Court finds that Plaintiff has not met her burden to show that compelling circumstances exist here. Plaintiff's *pro se* status and residence in Georgia do not, by themselves, amount to such an inconvenience that transfer under the first-to-file rule is inappropriate. Plaintiff will still be able to file documents in that proceeding via mail, and she is familiar with pursuing cases *pro se*. E.g., Richardson v. Transunion, LLC, No. 1:25-CV-5212-JPB (N.D. Ga.);

[1] While Plaintiff did not present this argument to the Magistrate Judge, it is still appropriate for the Court to address it. Defendant's motion sought dismissal rather than transfer. [Doc. 4]. Thus, Plaintiff did not necessarily have notice that she should make arguments about transfer in briefing to the Magistrate Judge.

Richardson v. Capital One Bank (USA), N.A., 1:25-CV-5495-JPB (N.D. Ga.). Moreover, given that Plaintiff's claims appear to belong to the proposed class in the New York action, judicial economy favors consideration of her claims in that forum regardless of any compelling circumstances that might exist. See Elliott v. Williams, 549 F. Supp. 3d 1333, 1340 (S.D. Fla. 2021) (even where compelling circumstances are presented, district courts have "discretion to transfer the case under the first-to-file rule anyway"). For these reasons, this objection is **OVERRULED**.

## CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Final Report and Recommendation, [Doc. 12], as the judgment of the Court. For the reasons stated in the R&R and this Order, Plaintiff's Motion to Remand [Doc. 3] is hereby **DENIED**. Defendant's Motion to Dismiss [Doc. 4] is also **DENIED**. The case is hereby **TRANSFERRED** to the United States District Court for the Eastern District of New York.

**SO ORDERED** this 17th day of July, 2026.

**J. P. BOULEE**
United States District Judge